UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

DENACIO GAMBOA,

       Movant,

                                      File No. 1:05-CV-199

v.

                                      HON. ROBERT HOLMES BELL

UNITED STATES OF AMERICA,

       Respondent.
                                   /

**OPINION**

This matter comes before the Court on Movant Denacio Gamboa's motion under 28 U.S.C. § 2255 to vacate, set aside, or correct the sentence imposed upon him by this Court on March 18, 2004.

**I.**

On December 18, 2003, Movant entered a plea of guilty in this Court to one count of conspiracy to distribute at least five kilograms of cocaine in violation of 21 U.S.C. §§ 846, 841(a)(1), 841(b)(1)(A)(ii). Thereafter, on March 18, 2004, he was sentenced to 96 months in prison and a $1,000.00 fine, and the judgment of conviction was entered on March 24, 2004. Movant did not appeal his sentence. On March 12, 2005,[1] Movant timely filed the

---

[1] Under Sixth Circuit precedent, the application is deemed filed when handed to prison authorities for mailing to the federal court. *Cook v. Stegall*, 295 F.3d 517, 521 (6th Cir. 2002); *In re Sims*, 111 F.3d 45, 47 (6th Cir. 1997). Movant dated his application on March 12, 2005, and it was received by the Court on March 18, 2005. Thus, it must have

instant petition, raising four grounds. First, he asserts that trial counsel was ineffective in failing to file an appeal of the sentence, ostensibly contrary to Movant's wishes. Second, he contends that he was deprived of due process under the Fifth Amendment and *United States v. Booker*, 125 S.Ct. 738 (2005), when the Court did not grant a three-point downward adjustment to his sentencing offense level for acceptance of responsibility, pursuant to U.S.S.G. § 3E1.1(a)-(b), and did not sentence him at the lowest end of the guideline range. Third, Movant argues that this Court failed to ensure that he entered into his plea with full knowledge and understanding of its consequences. Fourth, in a repetition of his second argument, he asserts that he was deprived of due process under the Fifth Amendment when this Court refused to grant a three-level downward adjustment for acceptance of responsibility.

## II.

A prisoner who moves to vacate his sentence under § 2255 must show that the sentence was imposed in violation of the Constitution or laws of the United States, that the court was without jurisdiction to impose such sentence, that the sentence was in excess of the maximum authorized by law, or that it is otherwise subject to collateral attack. 28 U.S.C. § 2255. To prevail under § 2255, "a petitioner must demonstrate the existence of an error of constitutional magnitude which had a substantial and injurious effect or influence on the

---

been handed to prison officials for mailing at some time between March 12 and 18, 2005. For purposes of this case, the Court gave Movant the benefit of the earliest possible filing date.

guilty plea or the jury's verdict." *Griffin v. United States*, 330 F.3d 733, 736 (6th Cir. 2003) (citing *Brecht v. Abrahamson*, 507 U.S. 619, 637 (1993). "Relief is warranted only where a petitioner has shown 'a fundamental defect which inherently results in a complete miscarriage of justice.'" *Id.* (quoting *Davis v. United States*, 417 U.S. 333, 346 (1974)).

In order to obtain collateral relief under § 2255, a petitioner must clear a significantly higher hurdle than would exist on direct appeal. *United States v. Frady*, 456 U.S. 152, 166 (1982). A petitioner is procedurally barred from raising claims in a § 2255 motion, even those of constitutional magnitude, to which no contemporaneous objection was made or which were not presented on direct appeal. *Frady*, 456 U.S. at 167-68; *Nagi v. United States*, 90 F.3d 130, 134 (6th Cir. 1996). Where a defendant has procedurally defaulted a claim by failing to raise it on direct review, the claim may be raised in a motion under § 2255 only if the defendant first demonstrates either cause for and actual prejudice from his default or that he is actually innocent. *Bousley v. United States*, 523 U.S. 614, 622 (1998).

In an action to vacate or correct the sentence, the court is required to grant a hearing to determine the issues and make findings of fact and conclusions of law "[u]nless the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief. . . ." 28 U.S.C. § 2255.

> The statute "does not require a full blown evidentiary hearing in every instance . . . . Rather, the hearing conducted by the court, if any, must be tailored to the specific needs of the case, with due regard for the origin and complexity of the issues of fact and the thoroughness of the record on which (or perhaps, against which) the section 2255 motion is made."

3

*Smith v. United States*, 348 F.3d 545, 550-551 (6th Cir. 2003) (quoting *United States v. Todaro*, 982 F.2d 1025, 1030 (6th Cir. 1993)). No evidentiary hearing is required if the petitioner's allegations "cannot be accepted as true because they are contradicted by the record, inherently incredible, or conclusions rather than statements of fact." *Engelen v. United States*, 68 F.3d 238, 240 (8th Cir. 1995), *quoted in Arredondo v. United States*, 178 F.3d 778, 782 (6th Cir. 1999). Where the judge considering the § 2255 motion also conducted the trial, the judge may rely on his or her recollections of the trial. *Blanton v. United States*, 94 F.3d 227, 235 (6th Cir. 1996).

### III.

The files and records in this case conclusively show that Movant is not entitled to relief in this action. Movant's substantive claims, with the exception of his claim of ineffective assistance of counsel, are procedurally defaulted because he failed to raise those claims on direct appeal. *See Frady*, 456 U.S. at 167-68. He therefore is not entitled to relief unless he demonstrates either cause and actual prejudice or that he is actually innocent of the offense. *Bousley*, 523 U.S. at 622.

To show cause excusing a procedural default, a defendant must point to "some objective factor external to the defense" that prohibited him from raising the double-jeopardy claim on direct appeal. *See Murray v. Carrier*, 477 U.S. 478, 488 (1986). Put another way, cause requires a showing of some "external impediment" preventing a defendant from raising the issue on direct appeal. *See McCleskey v. Zant*, 499 U.S. 467, 497 (1991). To show

prejudice, a defendant must demonstrate an error that worked to his actual and substantial disadvantage. *Frady*, 456 U.S. at 170. Failure to show one or the other will preclude review of his claim. *See Engel v. Isaac*, 456 U.S. 107, 134 n.43 (1982).

As cause for his procedural default, Petitioner asserts that he was deprived of the effective assistance of counsel when trial counsel failed to perfect an appeal of his sentence, allegedly contrary to Movant's expressed intention to appeal. Attorney error may constitute cause excusing a procedural default if the error amounts to the ineffective assistance of counsel. *Murray v. Carrier*, 477 U.S. 478, 488 (1986). To establish a claim of ineffective assistance of counsel, Movant must prove: (1) that counsel's performance fell below an objective standard of reasonableness; and (2) that counsel's deficient performance prejudiced the defendant resulting in an unreliable or fundamentally unfair outcome. *Strickland v. Washington*, 466 U.S. 668, 687-88 (1984). A court considering a claim of ineffective assistance must "indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." *Id.* at 689.

In the context of an attorney's alleged failure to appeal, the Supreme Court has indicated that the *Strickland* standard continues to apply. *Roe v. Flores-Ortega*, 528 U.S. 470, 477 (2000). In reviewing such a claim, "'[j]udicial scrutiny of counsel's performance must be highly deferential.'" *Id.* at 477 (quoting *Strickland*, 466 U.S. at 689). Where an attorney fails to initiate an appeal after being specifically instructed to file, he acts in a manner that is professionally unreasonable. *Flores-Ortega*, 528 U.S. at 477 (citing

*Rodriguez v. United States*, 395 U.S. 327 (1969)). However, a defendant who has instructed his attorney not to file an appeal cannot later complain that his counsel performed ineffectively. *Flores-Ortega* at 477. Where the defendant has not clearly conveyed his wishes one way or the other, a court must first consider whether counsel consulted with the defendant about an appeal, advising the defendant of the advantages and disadvantages of doing so, and making a reasonable effort to determine the defendant's wishes. *Id.* at 478; *see also Regalado v. United States*, 334 F.3d 520, 524 (6th Cir. 2003). If counsel did consult, his performance is constitutionally deficient only if counsel failed to appeal as expressly instructed by a defendant. *Regalado*, 334 F.3d at 524. If counsel failed to consult, that lack of consultation is professionally unreasonable only where (1) a rational defendant would want an appeal, or (2) a particular defendant reasonably demonstrated to counsel an interest in appealing. *Flores-Ortega*, 528 U.S. at 480. If counsel deficiently failed to consult, a defendant must demonstrate that "there is a reasonable probability that, but for counsel's deficient failure to consult with him about an appeal, he would have timely appealed." *Id.* at 484.

The Court rejects Movant's allegations that his attorney ignored Movant's request to file an appeal or, alternatively, failed to advise Movant of the necessity of filing an appeal. In response to Movant's allegations, the government has produced the affidavit of Movant's defense counsel, Kenneth Tableman, an experienced criminal defense attorney. According to Tableman's affidavit, immediately following sentencing, he met with Movant in the

presence of and through Spanish translator Ellen Donohue. At that time, Tableman advised Movant that he had the right to appeal, but recommended that he not appeal. Tableman avers that Movant agreed with him. (Gov't Resp., Ex. 2: Tableman aff.) In addition, Tableman attaches a copy of his letter to Movant dated March 22, 2004, four days after the sentencing and two days before entry of the judgment of conviction. In that letter, Tableman confirmed the discussion he had with Movant concerning the specifics of Movant's sentence, Movant's right to appeal, Tableman's recommendation that Movant not appeal, and Movant's agreement with that recommendation. (Gov't Resp., Ex. 2: Tableman letter.)

While Movant used the Court-approved form to complete his § 2255 motion, and while that form motion contained a declaration that it was made under penalty of perjury, the motion contained no specific facts that contradict Tableman's evidence. Instead, Movant only vaguely alleged that counsel had failed to file a brief in accordance with an unknown local rule and an inapplicable Sixth Circuit Operating Procedure. The specifics of Movant's claim of ineffective assistance of counsel are limited to his unsworn allegations in the brief in support of the § 2255 motion.

In these circumstances, the Court finds that Movant's allegations "cannot be accepted as true because they are contradicted by the record, inherently incredible, or conclusions rather than statements of fact." *Arredondo*, 178 F.3d at 782. On the clear record, Movant both was counseled by his attorney regarding the possibility of appeal and agreed with his

attorney not to file an appeal. Movant therefore has failed to demonstrate that he was deprived of the effective assistance of counsel on appeal.

Because Movant has failed to demonstrate the ineffective assistance of counsel, he cannot show cause and actual prejudice excusing the procedural default of his remaining claims for relief. *See Bousley*, 523 U.S. at 622. Further, Movant fails even to assert that he is actually innocent of the offense for which he was convicted. *Id.* at 623. He therefore is barred by his procedural default from raising his sentencing issues in this § 2255 proceeding.

**IV.**

The files and records in this case conclusively show that the Movant is entitled to no relief under § 2255. Accordingly no evidentiary hearing is required to resolve the merits of the pending motion. For the reasons stated herein, the motion to vacate, set aside or correct sentence pursuant to 28 U.S.C. § 2255 must be denied. An order consistent with this opinion will be entered.


Date:    October 20, 2005             /s/ Robert Holmes Bell
                                      ROBERT HOLMES BELL
                                      CHIEF UNITED STATES DISTRICT JUDGE